UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREN KESHISHIAN-AZNAVOLEH, Reg. No. A097-073-126,<br><br>Plaintiff,<br><br>vs.<br><br>CARLA GARCIA,<br><br>Defendant. | Case No.: 3:17-cv-02491-LAB-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

AREN KESHISHIAN-AZNAVOLEH ("Plaintiff"), a federal immigration detainee at the Imperial Regional Detention Facility ("IRDF"), in Calexico, California, subject to an order of deportation and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2).[1]

---

[1] The Court takes judicial notice of Plaintiff's pending petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 in *Keshishian-Aznavoleh v. Xavier Becerra, et al.*, S.

1

Plaintiff claims Defendant Carla Garcia, an Educational Instructor at IRDF, made false accusations, unlawfully discriminated, and retaliated against him after he filed a grievance against her in October 2017. *See* Compl., ECF No. 1 at 8-10, 17, 20-21, 23-25. As a result, Plaintiff claims he has been refused participation in IRDF's Educational Program. *Id.* at 24. He seeks injunctive relief in the form of a "court order for participation in reentry programs," and "any punitive damages that might come forth in the future." *Id.*

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

///

---

D. Cal. Civil Case No. 3:17-cv-01927-JAH-MDD, in which Plaintiff challenges the fact duration of his detention at IRDF. *See id.*, ECF No. 1; *Bias v. Monyihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citations omitted). In his habeas petition, Plaintiff claims he was "taken into ICE custody on 11/28/2016," and "ordered removed on 1/23/2017," but has remained detained at IRDF, which is operated by the Management and Training Corporation (MTC), under contract with ICE to "house immigration detainees" like him. *See* S. D. Cal. Civil Case No. 3:17-cv-01927-JAH-MDD, ECF No. 1 ¶¶ 1, 6; *see also* https://www.ice.gov/detention-facility/imperial-regional-detention-facility (last visited Feb. 26, 2018); http://www.mtctrains.com/corrections/#locations/Imperial RDF (CA) (782) ACA (last visited Feb. 26, 2018).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

"Unlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h). *Agyeman*, 296 F.3d at 886; *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir.1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *cf. Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005) ("civil detainee" is not a "prisoner" within the meaning of the PLRA); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Act ["SVPA"], while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, . . . ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (holding plaintiff "adjudicated NGI [not guilty by reason of insanity] and committed to [Napa State Hospital] as a result of that adjudication" was "not a prisoner as defined by the PLRA.").

Because Plaintiff is currently detained at IRDF pending deportation, he does not meet the definition of "prisoner" under 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) are not applicable to this case. *Agyeman,* 296 F.3d at 886. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. *See* S.D. CAL. CIVLR 3.2(d). Accordingly, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is GRANTED (ECF No. 2).

## II. Screening of Plaintiff's Complaint

### A. Standard of Review

A complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Factual Allegations

As noted above, Plaintiff seeks injunctive relief and punitive damages against Carla Garcia, an Educational Instructor at IRDF, pursuant to 42 U.S.C. § 1983, and based on claims that she violated his "constitutional rights" by making false accusations against him after he filed a grievance against her in October 2017. *See* Compl., ECF No. 1 at 1-3, 8-10, 21-24.

### C. 42 U.S.C. § 1983

As an initial matter, the Court finds it must dismiss Plaintiff's Complaint in its entirety to the extent he has commenced suit pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 at 1. "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of *state* law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added). Plaintiff is a U.S. Immigration and Customs Enforcement detainee seeking injunctive relief and damages against an IRDF employee based on claims that she violated his constitutional rights while in IRDF custody. *See* ECF No. 1 at 2, 7-8. He fails to allege that Defendant Garcia acted under color of *state* law. Therefore, he fails to state a claim under § 1983. *Tsao*, 698 F.3d at 1138.

### D. *Bivens*

Because he is proceeding without counsel, the Court will also liberally construe Plaintiff's claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the "federal analogue" to § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006); *Iqbal*, 556 U.S. at 675-76.

///

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers for alleged violation of a citizen's rights under the Fourth Amendment. 403 U.S. at 397; *Iqbal*, 556 U.S. at 675. After *Bivens*, the Supreme Court has found a similar cause of action implied against federal actors for alleged violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment clause of the Eighth Amendment. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 67-68 (2001); *see also Iqbal*, 556 U.S. at 675 (noting Supreme Court's refusal to "extend *Bivens* to a claim sounding in the First Amendment.") (citing *Bush v. Lucas*, 462 U.S. 367 (1983)).

However, the Court has expressly refused to extend liability for constitutional violations to federal agencies or private actors who contract with the federal government. *Malesko*, 534 U.S. at 69, 74. Thus, even if Plaintiff had filed his Complaint pursuant to *Bivens*, rather than pursuant to 42 U.S.C. § 1983, to the extent he seeks to hold an IRDF employee liable for damages incurred under color of *federal* law, he still fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

A *Bivens* action may be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). However, *Bivens* does not authorize a suit for money damages against a private entity like the Management and Training Corporation (MTC), or its employees at IRDF, like Garcia. *See Malesko*, 534 U.S. at 66 n.2 (holding that *FDIC v. Meyer*, 510 U.S. 471 (1994), "forecloses the extension of *Bivens* to private entities."); *Minneci v. Pollard*, __U.S. __, 132 S. Ct. 617, 626 (2012) (foreclosing *Bivens* relief where federal prisoner sought damages from privately employed prison personnel, and despite Eighth Amendment inadequate medical care allegations, on grounds that the "conduct is of a kind that typically falls within the scope of traditional state tort law," and therefore "the prisoner must seek a remedy under state tort law."); *see also Valdovinos-Blanco v. Adler*, 585 Fed. App'x. 586, 587 (9th Cir. 2014) (affirming sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) of claims precluded by *Minneci*); *cf. Mirmehdi v. United States*, 689 F.3d

975, 983 (9th Cir. 2012) (declining to extend *Bivens* "to allow [aliens not lawfully in the United States] [to] sue federal agents for wrongful detention pending deportation given the extensive remedial procedures available to and invoked by them and the unique foreign policy considerations implicated in the immigration context."); *see also Lockhart v. U.S. Marshal Liaison Epps*, No. 3:16-CV-01829-GPC-PCL, 2016 WL 6600430, at *4–5 (S.D. Cal. Nov. 8, 2016) (dismissing immigration detainee's Eighth Amendment inadequate dental care claims against Otay Mesa Detention Facility officials for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as foreclosed by *Minneci*).

Accordingly, to the extent Plaintiff's Complaint alleges constitutional violations committed by Defendant Garcia, who is alleged to be employed by the Management and Training Corporation at IRDF, he fails to state a plausible claim upon which *Bivens* relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1127; *Calhoun*, 254 F.3d at 845.

### E. Leave to Amend

In addition, because Plaintiff seeks to raise First Amendment retaliation claims against Garcia, and it appears he could not amend his pleading by alleging additional facts that could state a plausible claim for relief under *Bivens*, the Court denies leave to amend as futile. *See Lopez*, 203 F.3d at 1130; *Valdovinos-Blanco*, 585 F. App'x at 587 (affirming district court's sua sponte dismissal of claims barred by *Minneci*, *Malesko* and *Meyer* without leave to amend as futile); *Vega v. United States*, __ F.3d __, 2018 WL 740184 at *5 (9th Cir. 2018) (affirming dismissal of putative *Bivens* First Amendment access to courts and Fifth Amendment due process claims against private employees of a federal residential re-entry center); *Free v. Peikar, et al.,* No. 1:17-CV-00159-MJS-PC, 2018 WL 905388, at *6 (E.D. Cal. Feb. 15, 2018) (recommending sua sponte dismissal of federal prisoner's First Amendment retaliation claims pursuant to 28 U.S.C. § 1915A because "special factors counsel against extension of *Bivens* into this area.") (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1864-65 (2017)).

///

### III. Conclusion and Order

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DISMISSES** this civil action for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denies leave to amend as futile. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

3. **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: March 1, 2018

HON. LARRY ALAN BURNS
United States District Judge